**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

**CRIMINAL ACTION NO. 05-52-JBC**

**UNITED STATES OF AMERICA,**                                                              **PLAINTIFF,**

**V.**                          **MEMORANDUM OPINION AND ORDER**

**DORCAS ORMSBY**
**aka SUSIE ORMSBY,**                                                              **DEFENDANT.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the defendant Dorcas "Susie" Ormsby's
motion for judgment of acquittal or, in the alternative, for a new trial (DE 51).
Ormsby was indicted for fifteen counts of mail fraud; after trial, she was convicted
on two counts and acquitted on the remaining thirteen.  The court, having reviewed
the record and being otherwise sufficiently advised, will deny the defendant's
motion.

**FACTUAL BACKGROUND**

The indictment alleges that Ormsby falsely represented that donations made
by the Scott County Touchdown Club ("SCTC") and the Fraternal Order of Police
("FOP") to Parents Athletic Support ("PAS") would be used for the benefit of
Meteer School, a private non-profit organization in Paris, Kentucky, which provides
child care and other support to underprivileged and special needs families.
Accordingly, SCTC and FOP delivered numerous checks intended as donations to
Meteer School, and Ormsby allegedly forged the endorsements on those checks and
cashed the checks to insulate her from responsibility for their proceeds.  In

accordance with the law, SCTC and FOP submitted quarterly reports to the Office

of Charitable Gaming ("OCG") to account for the receipt and distribution of bingo

money.  The indictment also claims that she diverted a substantial portion of the

funds to her personal benefit.

Counts 1 through 15 pertain to particular items which Ormsby allegedly

knowingly caused to be mailed in connection with her fraudulent scheme.  Counts

1 through 12 list checks issued by SCTC; counts 13 and 14 are quarterly reports

sent by SCTC to OCG; and count 15 is a letter from Jim McKee, the president of

SCTC, to OCG explaining Meteer School's charitable purpose.  The indictment

concludes that Ormsby's conduct constitutes mail fraud in violation of 18 U.S.C. §

1341.  The jury found Ormsby guilty as to counts 13 and 14 but not guilty of

counts 1 through 12 and 15.

**LEGAL ANALYSIS**

Mail fraud consists of

> having devised or intending to devise any scheme or artifice
> to defraud, or for obtaining money or property by means of
> false or fraudulent pretenses, representations, or promises,
> ... [and] for the purpose of executing such scheme or
> artifice or attempting to do so, place[] in any post office or
> authorized depository for mail matter, any matter or thing
> whatever to be sent or delivered by the Postal Service, or
> deposit[] or cause[] to be deposited any matter or thing
> whatever to be sent or delivered by any private or
> commercial interstate carrier, ... or knowingly cause[] to be
> delivered by mail or such carrier according to the direction
> thereon ... any such thing.

18 U.S.C. § 1341.  Simply stated, mail fraud is committed by (1) creating a scheme

2

or artifice involving false or fraudulent representations, and (2) using the mails, or causing the mails to be used, for the purpose of executing that scheme. *United States v. Schilling*, 561 F.2d 659, 661 (6th Cir. 1977); *see also United States v. Crossley*, 224 F.3d 847, 857 (6th Cir. 2000) (enumerating elements as (1) a scheme or artifice, (2) involving the use of the mails, (3) for the purpose of executing the scheme).

Ormsby bases her motion on several grounds: (1) the jury verdict is internally inconsistent; (2) the jury instructions are fatally flawed in that they did not instruct the jury as to the defendant's theory of the case; (3) the jury instructions are fatally flawed in that they did not instruct the jury as to the facts necessary to sustain a conviction as to each count; (4) the court violated Rule 30 of the Federal Rules of Criminal Procedure when it provided the jury with a chart depicting the mailings associated with each count; (5) the verdict is not supported by sufficient evidence; and (6) the indictment is multiplicitous in violation of the constitutional protection against double jeopardy.

In considering a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, the court considers "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Coffee*, 434 F.3d 887, 895 (6th Cir. 2006) (*quoting United States v. Lloyd*, 10 F.3d 1197, 1210 (6th Cir. 1993) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The court must draw all reasonable inferences in favor of the

prosecution.  *Id.*  A conviction may be sustained on circumstantial evidence alone.
*Id.*

A new trial is warranted where one is required in the interest of justice.  Fed.
R. Crim. P. 33(a).  The district court has discretion whether to grant the motion,
and the defendant bears the burden of establishing that such relief is necessary.
*United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

> A.   Inconsistency of the Verdict

An inconsistent verdict does not warrant reversal of conviction.  *United
States v. Samuels*, 308 F.3d 662, 669 (6th Cir. 2002).  Notwithstanding, the court
finds that the jury's mixed verdict in this case is not internally inconsistent.  In the
case of mail fraud, the "fraud need only be in the underlying scheme, and it is not
necessary that the matter sent through the mail should itself contain fraudulent
statements."  *United States v. Rabinowitz*, 327 F.2d 62, 78-89 (6th Cir. 1964).
The thing mailed must merely have been "incident to an essential part of the
scheme."  *United States v. Castile*, 795 F.2d 1273, 1278 (6th Cir. 1986) (*quoting
Pereira v. United States*, 347 U.S. 1, 8 (1954)).  The quarterly reports submitted to
OCG by SCTC were incident to the scheme underlying the fraud, in that SCTC's
license to conduct bingo, under which Ormsby was able to operate, was dependent
on its compliance with OCG reporting requirements.

Nor does the statute require that the defendant actually use the mail herself;
a mailing is "caused" for the purpose of the statute "if it is a reasonably foreseeable
result of the defendant's actions."  *United States v. Reynolds*, 762 F.2d 489, 494

4

(6th Cir. 1985).  The testimony at trial indicated that the checks listed in counts 1
through 12 and the letter named in count 15 were *usually* mailed.  Use of the mails
is an essential element to mail fraud, and based on that equivocal testimony, the
jury could have found a reasonable doubt as to whether those thirteen items were
actually placed in the mail.  Susan Clay definitively stated, however, that the
quarterly reports represented in counts 13 and 14 were *always* mailed.

Neither the court nor the parties knows which element or elements the jury
found did not exist beyond a reasonable doubt in any particular count; the
defendant's assertion that it is clear that the jury found that she did not make any
fraudulent misrepresentations or did not obtain the checks through fraudulent
pretenses therefore has no basis.  Because there is a reasonable explanation –
whether a particular item was mailed –  for the judgment of conviction on two
counts and acquittal on thirteen, the court finds that the jury's verdict was not
inconsistent, and judgment of acquittal on that ground is not warranted.

B.    Jury Instructions

Federal Rule of Criminal Procedure 30 governs the method in which jury
instructions are promulgated and issued.  "A trial court has broad discretion in
drafting jury instructions and does not abuse its discretion unless the jury charge
'fails accurately to reflect the law.'"  *United States v. Beaty*, 245 F.3d 617, 621
(6th Cir. 2001) (*quoting United States v. Layne,* 192 F.3d 556, 574 (6th Cir.
1999)).  A trial court is not required to adopt the language of a requested
instruction so long as the instruction given to the jury is correct and substantially

5

embodies the law. *United States v. Smith*, 928 F.2d 740, 741 (6th Cir. 1991). Rule 30(b) requires the court to inform the parties how it intends to rule on their proposed instructions prior to closing arguments. A party who objects to the instructions must raise the objection prior to jury deliberation. Fed. R. Crim. P. 30(d).

### 1.   The Defendant's Theory of the Case

The defendant maintains that the allegation in the indictment that she "diverted to her personal benefit the sum of $122,447.78" is a material element of the scheme she was accused of executing. The defendant therefore requested an instruction that would have required the jury to acquit her if it found there existed a reasonable doubt whether she "used any of the funds she received from the bingo games for her own benefit." The defendant also objected at trial to the statement that the government is not required to prove "all of the details alleged concerning the precise nature and purpose of the scheme," because the government repeatedly suggested that Ormsby had converted the money to her own benefit. In her original motion, the defendant claims that the court should have instructed the jury that if it found that Ormsby had used all of the bingo money for "a charitable purpose," she must be acquitted on all counts.

The defendant is correct that the court is required to instruct the jury on her theory of defense; the court may refuse, however, to offer "'instructions which merely represent a defendant's view of the facts of the case,' rather than a distinct legal theory." *United States v. Chowdhury*, 169 F.3d 402, 407 (6th Cir. 1999)

6

(*quoting United States v. Frost*, 125 F.3d 346, 372 (6th Cir. 1997)).  The court

rejected Ormsby's proposed instruction, and, in accordance with the Sixth Circuit

pattern jury instructions, instructed the jury on the defense of good faith as

follows:

> The good faith of the defendant is a complete
> defense to the charge of mail fraud contained in all counts
> of the Indictment, because good faith on the part of the
> defendant is, simply, inconsistent with an intent to defraud.
>     A person who acts, or causes another person to act,
> on a belief or an opinion honestly held is not punishable
> under this statute merely because the belief or opinion turns
> out to be inaccurate, incorrect, or wrong.  An honest
> mistake in judgment or an honest error in management does
> not rise to the level of criminal conduct.
>     A defendant does not act in good faith if, even
> though she honestly holds a certain opinion or belief, the
> defendant also knowingly makes false or fraudulent
> pretenses, representations, or promises to others.
>     While the term "good faith" has no precise definition,
> it encompasses, among other things, a belief or opinion
> honestly held, an absence of malice or ill will, and an
> intention to avoid taking unfair advantage of another.
>     The burden of proving good faith does not rest with
> the defendant, because the defendant does not have any
> obligation to prove anything in this case.  It is the
> government's burden to prove anything in this case.  It is
> the government's burden to prove to you, beyond a
> reasonable doubt, that the defendant acted with an intent
> to defraud.
>     If the evidence in this case leaves you with a
> reasonable doubt as to whether the defendant acted with
> an intent to defraud or in good faith, you must acquit her.

Instr. 12.

The Sixth Circuit has upheld a district court's refusal to adopt a proposed

fact-specific good faith instruction where the jury did receive "an instruction that

the good-faith [sic] of Defendant was a complete defense to the charges and the government had to overcome Defendant's good-faith defense." *United States v. Aronds*, 210 F.3d 373, 2000 WL 303003, at * 8 (6th Cir. Mar. 14, 2000).   The Court found that the instruction given by the court, along with the instructions regarding the requisite state of mind, properly laid the legal foundation for the defendant's theory of the case.   *Id.*

Considering the two elements necessary to support a conviction for mail fraud, the government need not prove how the money Ormsby received from bingo proceeds was ultimately used.   The essence of the scheme alleged in the indictment is that Ormsby represented to FOP and SCTC that the bingo earnings would be applied to a particular purpose and that they were ultimately used for another purpose.   The fraudulent character of the plot is contained in her representation that checks made payable to PAS would be used to benefit Meteer School.

Because the defendant's requested instruction would have required acquittal if the funds were not diverted to Ormsby's *personal* use, the requested instruction is legally incorrect.   Furthermore, the defendant's request constitutes a factual interpretation of the indictment, not a statement of the applicable law.   The suggestion that the instruction should have informed the jury that if the funds were used for *a* charitable purpose, the defendant must be found not guilty, is equally faulty; the misrepresentation pertains to *which* charitable purpose the funds were intended to support.   Therefore, the defendant's motion on this ground fails.

8

Although the defendant does not expressly raise the argument in her motion, the court finds that, to the extent that the defendant claims that the proof offered at trial constituted an impermissible variance from the allegations contained in the indictment, her argument is without merit. A variance occurs where "the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment." *United States v. Combs*, 369 F.3d 925, 935-36 (6th Cir. 2004) (*quoting United States v. Hathaway*, 798 F.2d 902, 910-11 (6th Cir. 1986)). A variance will result in reversal of a conviction only where it is prejudicial to the defense. *Id.* at 936; *see also United States v. Wiley*, 534 F.2d 659, 665 (6th Cir. 1976) (variance requires reversal only if material and prejudicial to the preparation of the defense or the jury's understanding of the charge); *United States v. Ledesma*, 632 F.2d 670, 678 (7th Cir. 1980) (no reversal if indictment sufficiently sets forth elements of crime, informs defendant what he must meet, and protects defendant from double jeopardy); *United States v. West*, 549 F.2d 545, 552 (8th Cir. 1977) (considering whether defendant or jury was misled, whether defendant is protected against double jeopardy, and whether defendant was apprised of what he must meet). "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 137 (1985). A variance may not, however, broaden the theory of the indictment, add elements

9

to the charges, or remove items that are essential to the offense on which the defendant is convicted. *Id.* at 145.

The defendant's complaint that the government did not prove that she diverted funds to her personal benefit could be perceived as a variance argument. The court finds, however, that the indictment sufficiently set out the elements of the fraudulent scheme. The allegation in the indictment that she applied the money to her own use went beyond the requisite elements of the offense and was consequently not material to the offense. The indictment charged and the government established that Ormsby represented to SCTS and FOP that the bingo proceeds would benefit Meteer School and that the money was ultimately used for other purposes. The prosecution need not prove every element of the alleged scheme. *West,* 549 F.2d at 552; *United States v. Joyce*, 499 F.2d 9, 22 (7th Cir. 1974). Any difference between the facts alleged in the indictment and proof offered at trial was not prejudicial, because the indictment was not misleading and the defendant was aware of what she was required to meet and is protected from double jeopardy. Therefore, the defendant's construed argument on this ground fails.

2.   *Facts Necessary for Conviction*

In her original motion, Ormsby objected to the court's failure to instruct the jury as to the relationship of each element of mail fraud as it relates to the facts in this case and as to "the finding necessary to find [her] guilty on each individual count in the indictment." Ormsby did not substantially address this point in her

10

memorandum, and the court finds the argument unavailing.

"The province of the court in a jury trial is to decide issues of law, instruct the jury on the law, and let the jury decide the facts." *United States v. Wunder*, 919 F.2d 34, 36 (6th Cir. 1990). Jury instructions are intended to set out distinct legal theories rather than particular views of the facts. *See Chowdhury,* 169 F.3d at 407; *see also United States v. Thomas*, 238 F.3d 426, 2000 WL 1720991, at *2 (6th Cir. Nov. 9, 2000) (district court properly rejected as version of facts proposed instruction that there had been no violation of federal bank robbery statute where defendant's crime did not involve force, violence, threat, or intimidation).

The instructions given to the jury in this case adequately stated the substantive law which was applicable to each count in the indictment. The court is not required to instruct the jury as to specific factual findings necessary to support each legal element, and it was not error for the court to decline to do so. The defendant's motion for acquittal on this basis therefore must fail.

3.    *Supplemental Instruction*

The purpose of Rule 30 −  to allow counsel to present summations at closing argument "which fully deal with the issues to be placed before the jury" −  is frustrated by a court's altering jury instructions after closing arguments are completed. *United States v. James*, 239 F.3d 120, 124 (2d Cir. 2000). The court did not allow the jury in this case to consider the indictment during deliberations. The defendant contends that the court improperly provided to the jury a copy of the

11

chart, contained in the indictment, outlining which mailing coordinates with each count, because the chart was not contained in the jury instructions prior to closing argument.

The defendant claims that the omission of the chart from the jury instructions as initially approved and its subsequent submission to the jury precluded her from arguing the importance of the absence of the dollar amounts of the checks contained in the chart and the total amount represented by them. A supplemental instruction is not improper unless it renders the instructions as a whole "confusing, misleading, or prejudicial." *United States v. Cencer*, 90 F.3d 1103, 1109 (6th Cir. 1996) (*quoting United States v. Tines*, 70 F.3d 891, 896 (6th Cir. 1995)). The court's effort to clarify to the jury which mailing underlies each of the fifteen counts was neither confusing nor misleading, and in fact worked to prevent confusion. Because the defendant was acquitted of the counts involving checks issued to PAS, no prejudice arises from the defendant's supposed inability to argue that the total amount of the checks for which she was indicted was neither listed nor close to the amount allegedly fraudulently obtained. The defendant was aware that there were fifteen separate counts, and she was aware of the mailings represented by each; the provision of the chart to clarify that matter was not prejudicial and therefore was not in error.

C.    Sufficiency of the Evidence

The defendant correctly states that one of the central issues in the case is what she did with the proceeds of the checks she received on behalf of Meteer

12

School. Ormsby contends that, because the government failed to present any proof that she misappropriated the bingo proceeds, in particular that she used the money for her own benefit, the convictions are not supported by the evidence. The test for whether a verdict is supported by the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Johnson*, 440 F.3d 832, 839 (6th Cir. 2006) (*quoting United States v. Copeland*, 321 F.3d 582, 600 (6th Cir. 2003)). All reasonable inferences and credibility determinations are drawn in agreement with the jury's verdict. *Id.* (*quoting United States v. Hughes*, 895 F.2d 1135, 1140 (6th Cir. 1990)).

"Misappropriation" is defined as "[t]he unauthorized, improper, or unlawful use of funds or other property for purpose other than that for which intended." *Black's Law Dictionary* 998 (6th ed.). As discussed above, the government was required to prove that Ormsby used the funds for a purpose other than the one she represented to FOP and SCTC – Meteer School. The government was not required to prove what that alternative and unauthorized purpose was.

Furthermore, contrary to Ormsby's contention that there was no proof that she misappropriated money, her defense essentially provided that evidence, because her witnesses testified that she gave money to them and not Meteer School. The defendant herself testified that she used the money to fund a "Community Needs Committee," which cooperated with churches, ministerial associations, the Cabinet for Families and Children, the Red Cross, political figures,

13

and other agencies.

The court finds that there was sufficient evidence to support the jury's conclusion that Ormsby developed a scheme by which she misappropriated money from FOP and SCTC and used it for purposes other than Meteer school and that the use of the mail was an element of that scheme's execution. Therefore, the court will not overturn the jury's verdict on that ground.

#### D.    Multiplicity of the Indictment

In her reply brief, the defendant raises the argument that the indictment is multiplicitous and violated her right to protection from double jeopardy.

> Generally, an indictment may not charge a single criminal offense in several counts without offending the rule against 'multiplicity' and implicating the double jeopardy clause. The Fifth Amendment prohibition against double jeopardy protects against three harms: second prosecution for an offense after initial acquittal, second prosecution for an offense after an initial conviction, and multiple punishments for the same offense.

*United States v. Davis*, 306 F.3d 398, 417 (6th Cir. 2002) (citations omitted) (*quoting United States v. Hart*, 70 F.3d 854, 859 (6th Cir. 1995); *United States v. Gibbons*, 994 F.2d 299, 301 (6th Cir. 1993)). Whether an indictment is multiplicitious depends upon legislative intent and separate proof. *United States v. Damrah*, 412 F.3d 618, 622 (6th Cir. 2005) (*quoting United States v. Duncan*, 850 F.2d 1104, 1108 n.4 (6th Cir. 1988)).

Under Rule 12(b)(3) of the Federal Rules of Criminal Procedure, "a motion alleging a defect in the indictment or information" must be made before trial. The

14

objection is waived if it is not timely raised.  Fed. R. Crim. P. 12(e).  Ormsby did

not object to the indictment as multiplicitious prior to trial, and she cannot object to

the imposition of multiple sentences, because she has not yet been sentenced.  *See*

*United States v. Abboud,* 438 F.3d 554, 567 (6th Cir. 2006) (where objection to

form of indictment is waived, objection to substantive error is not waived) (*quoting*

*United States v. Rosenbarger,* 536 F.2d 715 (6th Cir. 1976)); *United States v.*

*Lacefield*, 146 Fed. Appx. 15, 2005 WL 1869668, at *4 (6th Cir. Aug. 4, 2005)

(where neither of allegedly multiplicitous counts affected sentence, any error did

not affect defendant's substantial rights or the fairness of the judicial proceedings).

The court therefore finds that Ormsby's objection, as it goes to the indictment, has

been waived; insofar as she objects to her ultimate sentence, the objection is

premature.

Even if Ormsby's proposed verdict form, which anticipated a single

determination rather than fifteen separate verdicts, could be construed as an

objection to the indictment, the court finds that the indictment was not

multiplicitous.  In the context of mail fraud, "[e]ach mailing in furtherance of the

scheme constitutes a separate violation."  *United States v. Vaughn*, 797 F.2d

1485, 1493 (6th Cir. 1986) (*citing United States v. Weatherspoon*, 581 F.2d 595,

602 (7th Cir. 1978)).  The Sixth Circuit has explained the difference between the

bank fraud and mail fraud statutes: "the bank fraud statute criminalizes only the

*execution of a scheme* to defraud.  In this way, the bank fraud statute differs from

the mail fraud and wire fraud statutes, ... which expressly punish separate acts in

15

furtherance of a scheme to defraud." *United States v. Anders*, 14 F.3d 602, 1993 WL 533529, at *11 (6th Cir. Dec. 21, 1993) (*citing United States v. Lilly,* 983 F.2d 300, 304 (1st Cir. 1992); *United States v. Lemons*, 941 F.2d 309, 318 (5th Cir. 1991)). Therefore, contrary to the defendant's assertion, each count in the indictment alleges a distinct crime, and the indictment is not multiplicitous.

**CONCLUSION**

The court has considered the grounds stated in support of her motion for judgment of acquittal or a new trial in both her original motion and her memorandum in support of that motion. None of the claimed errors necessitates reversal of the jury's verdict on counts 13 and 14, and a new trial is not warranted. Accordingly,

**IT IS ORDERED** that the defendant's motion for judgment of acquittal or, in the alternative, for a new trial (DE 51) is **DENIED**.

Signed on May 3, 2006

Jennifer B. Coffman
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY